## Easterling *v.* Smith

No. 42098       January 22, 1962       136 So. 2d 625

*R. L. Calhoun,* Hattiesburg, for appellant.

*Hugh McIntosh,* Collins, for appellee.

ARRINGTON, J.

Fleet Smith, the appellee, filed his bill in the Chancery Court of Covington County to cancel as a cloud upon his title a deed from Sarah Caroline Smith to Thomas Easterling which conveyed an undivided one-third interest in 160 acres of land on the grounds of fraud, undue influence and the mental incapacity of the grantor. After a hearing the chancellor cancelled and set aside the deed on the ground of fraud and undue influence, from which decree the appellant appeals.

The appellant's sole assignment of error is that the court erred in not holding that the appellee, Fleet Smith, was estopped to bring this suit. The facts upon which the estoppel is based are not in dispute. The record discloses that one Evelyn Easterling died intestate in Covington County on May 25, 1958; that she owned 160 acres of land and said land descended as follows: One-third to Sarah Caroline Smith, one-third to Louis H. Smith, and one-third to the children of Bill Easterling, deceased. On June 9, 1958, Sarah Caroline Smith executed a deed to Thomas Easterling conveying her one-third interest in said land (this is the land involved in the instant suit). On November 15, 1958, Sarah Caroline Smith died intestate leaving as her sole and only heir at law her brother, Louis H. Smith. On October 23, 1959, Louis H. Smith executed a deed to Fleet Smith conveying all of his title and interest in the estate of Sarah Caroline Smith.

Letters of administration were issued to Charlie Easterling on the estate of Evelyn Easterling, deceased, on June 2, 1958. The administrator therein filed his first annual and final account in said estate, in which there was set out the names of the heirs of Evelyn Easterling and their interest in the 160 acres of land, and that Fleet Smith, the appellee, owned a one-sixth interest in the 160 acres of land; that Sarah Caroline Smith had deeded

her one-third interest to Thomas Easterling on June 9, 1958, prior to her death on November 15, 1958.

The record further discloses that Fleet Smith, the appellee, and Thomas Easterling, the appellant, and the other interested parties joined in said final account of the administrator and stated in said joinder that they "have examined the first annual and final account of Charlie Easterling, administrator of the estate of Evelyn Easterling, the deceased, as filed in this cause and are satisfied with same as filed, and find the same to be true and correct as shown. . . ."

The record also discloses that the court in its decree approving and allowing the said final account set out the various interests in the 160 acres of land, towit: The appellee, Fleet Smith, a one-sixth interest; the appellant, Thomas Easterling, a one-third interest by virtue of a deed from Sarah Caroline Smith.

■■ ■ The court in its opinion in passing on this question held that it did not have jurisdiction to adjudicate in regard to the land. We are of the opinion that the court was correct in view of Section 588, Mississippi Code of 1942.

■■ ■ We are further of the opinion that the ownership or title to the land was neither litigated nor within the scope of the pleadings in said estate proceedings.

■■ ■ In the recent case of John Turner and Cassie Lee Turner v. Willie Turner, et al., 130 So.2d 871, the court held that a party to a decree was not estopped under such decree where the matters upon which they rely were neither litigated nor within the scope of the pleadings. The Court said:

"In the cause which was filed December 31, 1948, to recover minerals, the divesting of minerals out of the complainants in severalty and the reinvesting of the same in them as tenants in common was not within the scope of the pleadings. . . . . Since that question was neither litigated nor within the scope of the pleadings, it

is clear that the decree of March 14, 1949, does not operate as an estoppel against the appellants. See Etheridge v. Webb, 210 Miss. 729, 50 So.2d 603.''

It follows that the judgment of the court below is affirmed.

Affirmed.

*Lee, P.J.,* and *Kyle, McElroy* and *Rodgers, JJ.,* concur.